## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **NICOLE JUDAYA ALEXANDER** | ) | **CASE NO. 1:16-CV-799** |
| **3302 Plaza Drive, Apt. 10** | ) | |
| **New Albany, IN 47150** | ) | **JUDGE _____** |
| | ) | |
| **PLAINTIFF** | ) | **COMPLAINT WITH** |
| | ) | **JURY DEMAND** |
| **VS.** | ) | |
| | ) | |
| **DAVID PAUL HERR, D.O.** | ) | |
| **PO Box 5** | ) | |
| **508 East Main Street** | ) | |
| **West Union, 45693** | ) | |
| | ) | |
| **SERVE:    David P. Herr, D.O.** | ) | |
| **7691 Five Mile Road** | ) | |
| **Suite 10** | ) | |
| **Cincinnati, OH 45230** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **DAVD P. HERR, D.O. CONTRACT** | ) | |
| **MEDICAL SERVICE, LLC** | ) | |
| **PO Box 5** | ) | |
| **West Union, OH 45693** | ) | |
| | ) | |
| **SERVE AGENT:  David P. Herr, D.O.** | ) | |
| **PO Box 5** | ) | |
| **West Union, OH 45693** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **ADVANCED SPINE &** | ) | |
| **PAIN MANAGEMENT, INC.** | ) | |
| **7836 Spring Garden Court** | ) | |
| **West Chester, OH 45069** | ) | |
| | ) | |
| **SERVE AGENT:  Mukarram Khan, D.O.** | ) | |
| **7836 Spring Garden Court** | ) | |
| **West Chester, OH 45069** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

Come now the Plaintiff, and for her cause of action against the Defendants, state as follows:

## PARTIES

1.   At all relevant times herein, Nicole Judaya Alexander, resident and citizen of New Albany, Floyd County Indiana.

2.   At all relevant times herein, David Herr, D.O., held himself out to be a licensed medical doctor and duly qualified to provide medical care and/or treatment of patients, including Nicole Judaya Alexander.

3.   At all relevant time herein, David Herr, D.O., was a resident and citizen of Springboro, Warren County, Ohio.

4.   At all relevant times herein, Defendant Advanced Spine & Pain Management, (hereinafter referred to as "Advanced Spine") was an Ohio corporation set up for the provision of medical care and was licensed to do business in the State of Ohio. Defendant, Advanced Spine, held itself out as duly qualified and adequately equipped to medically provide for the care and/or treatment of patients, including, Nicole Judaya Alexander.

5.   At all relevant times herein, Defendant, David Herr, D.O., was acting within the scope of his employment as an employee and/or agent of Defendant, Advanced Spine.

6.   At all relevant times herein, Defendant, David P. Herr, D.O. Contract Medical Service, LLC (hereinafter referred to as "Contract Medical") was an Ohio limited liability corporation set up for the provision of medical care and was licensed to do business in the State of Ohio.  Defendant, Contract Medical, held itself out as duly

qualified and adequately equipped to medically provide for the care and/or treatment of patients, including, Nicole Judaya Alexander.

7. At all relevant times herein, Defendant, David Herr, D.O., was acting within the scope of his employment as an employee and/or agent of Defendant, Contract Medical.

## JURISDICTION AND VENUE

8. Subject matter jurisdiction of this action arises under 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over the Defendants because the Defendants transact business, and the wrongs complained of herein arose, in the state of Ohio, and in Warren County.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events giving rise to Plaintiff's claims occurred in, and because the Defendants transact business/practice medicine in, this district.

## FACTUAL BACKGROUND

11. On or about February 18, 2015, Nicole Judaya Alexander came under the care of Defendants, David Herr, D.O., Contract Medical and Advanced Spine and its agents for treatment.

12. On February 18, 2015, Nicole Judaya Alexander presented herself for a procedure with the Defendant, David Herr, D.O., after being referred by Laser Spine Institute for a Selective Nerve Root Block.

13.     On February 18, 2015, Defendant, David Herr, D.O., performed or attempted to perform a Cervical Selective Nerve Root Block right C4-5 Injection under Fluoroscopic Guidance on the Plaintiff, Nicole Judaya Alexander.

14.     The Plaintiff was positioned in the left lateral decubitus position in order to begin injections in the cervical spine.  As the needle was advanced improperly and the Plaintiff complained of a global numbness of the left shoulder and upper extremity. During the procedure Dr. Herr advanced the needle into the spinal cord.   The Defendant, Dr. Herr, then injected the spinal cord with Marcaine.

15.     The Plaintiff suffered severe and permanent injury as a result of the Defendant, Dr. Herr, improperly placing the needle in the Plaintiff's spinal cord and injecting the same with Marcaine.

16.     Pursuant to Ohio Civil Rule 10(D)(2) attached is an Affidavit of Merit from Stephen Minore, M.D., to support the claims herein, as Exhibit A.

17.     The Defendant, David Herr, D.O., and David P. Herr, D.O. Contract Medical Service, LLC, pursuant to O.R.C. Section 2305.113(B)(1),was served with a 180 day letter on February 17, 2016.  (See attached Exhibit B).

18.     The Defendant, Advanced Spine & Pain Management, Inc., pursuant O.R.C. Section 2305.113(B)(1) was served with a 180 day letter herein on February 4, 2016.  (See attached Exhibit C).

## COUNT I
### (NEGLIGENCE OF DAVID HERR, D.O.)

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

19.     Defendant, David Herr, D.O., did so negligently and carelessly assess, treat or fail to treat Nicole Judaya Alexander, including but not limited improperly performing

injections in her spinal cord and injecting the same with Marcaine, as to be

tantamount to a departure of good and accepted medical standards and a violation

of the duty that a reasonably competent physician owes a patient.

20. Defendant, David Herr, D.O., did so negligently and carelessly fail to properly

perform the procedures including needle placement and injection on the Plaintiff as

to be tantamount to a departure of good and accepted surgical/medical standards.

21. As a direct and proximate result of the negligent conduct of Defendant, David

Herr, D.O., Nicole Judaya Alexander suffered a permanent injury.

22. As a further direct and proximate result of the negligent actions of Defendant,

David Herr, D.O., Nicole Judaya Alexander, has suffered and will continue to

suffer physical and emotional pain and suffering; has incurred and will continue to

incur medical expenses; and has suffered a permanent impairment in her ability to

earn money and the loss of enjoyment of life, all to her detriment.

23. The damages suffered by Plaintiff, as set forth above, are sufficient to satisfy the

jurisdictional requirements of this Honorable Court.

## <u>COUNT II</u>
## (NEGLIGENCE OF DAVID P HERR, D.O., CONTRACT MEDICAL SERVICE, INC.)

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and

further allege as follows:

24. The physicians, nurses, employees and/or agents of Defendant, David P. Herr,

D.O., Contract Medical Service, Inc., did so negligently and careless fail to render

medical care to the Plaintiff, Nicole Judaya Alexander, by failing to properly

perform medical procedures, including but not limited improperly performing

injections in her spinal cord and injecting the same with Marcaine, treat and/or

respond to the Plaintiff's condition as to be tantamount to a departure from good

and accepted medical standards and a violation of the duty that reasonably competent physicians, employees and/or agents owe a patient.

25.     As a direct and proximate result of the actions of the physicians, nurses, employees and/or agents of Defendant, David P. Herr, D.O., Contract Medical Service, Inc., Nicole Judaya Alexander was permanently injured.

26.     As a further direct and proximate result of the actions of the physicians, nurses, employees and/or agents of the Defendant, David P. Herr, D.O., Contract Medical Service, Inc., Nicole Judaya Alexander has suffered and will continue to suffer physical and emotional pain and suffering; has incurred and will continue to incur medical expense; and has suffered a permanent impairment in her ability to earn income and loss of enjoyment of life, all to her detriment.

27.     The negligent acts of the physicians, nurses, employees and/or agents of the Defendant, David P. Herr, D.O., Contract Medical Service, Inc., as set forth above, who at all times were acting within the scope of their employment with Defendant, David P. Herr, D.O., Contract Medical Service, Inc., are imputed to Defendant, David P. Herr, D.O., Contract Medical Service, Inc., under the doctrine of *respondeat superior* and/or agency by estoppel, and as a result, Defendant, David P. Herr, D.O., Contract Medical Service, Inc., is liable for Plaintiffs' damages as set forth herein.

28.     The damages suffered by Plaintiffs, as set forth above, are sufficient to satisfy the jurisdictional requirements of this Honorable Court.

## COUNT III
### (NEGLIGENCE OF ADVANCED SPINE & PAIN MANAGEMENT, INC. )

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

29.     The physicians, nurses, employees and/or agents of Defendant, Advance Spine & Pain Management, Inc., did so negligently and careless fail to render medical care to the Plaintiff, Nicole Judaya Alexander, by failing to properly perform procedure, including but not limited to, improperly performing injections in her spinal cord and injecting the same with Marcaine, treat and/or respond to the Plaintiff's condition as to be tantamount to a departure from good and accepted medical standards and a violation of the duty that reasonably competent physicians, employees and/or agents owe a patient.

30.     As a direct and proximate result of the actions of the physicians, nurses, employees and/or agents of Defendant, Nicole Judaya Alexander was permanently injured and disabled.

31.     As a further direct and proximate result of the actions of the physicians, nurses, employees and/or agents of the Defendant, Advanced Spine & Pain Management, Inc., Nicole Judaya Alexander has suffered and will continue to suffer physical and emotional pain and suffering; has incurred and will continue to incur medical expense; and has suffered a permanent impairment in her ability to earn income and loss of enjoyment of life, all to her detriment.

32.     The negligent acts of the physicians, nurses, employees and/or agents of the Defendant, Advanced Spine & Pain Management, Inc., as set forth above, who at all times were acting within the scope of their employment with Defendant Advanced Spine & Pain Management, Inc., are imputed to Defendant, Advanced Spine & Pain Management, Inc., under the doctrine of *respondeat superior* and/or agency by estoppel, and as a result, Defendant, Advanced Spine & Pain Management, Inc., is liable for Plaintiffs' damages as set forth herein.

33. The damages suffered by Plaintiffs, as set forth above, are sufficient to satisfy the jurisdictional requirements of this Court.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

A. For an award of compensatory damages in an amount to be determined by the jury consistent with the evidence;

B. For her costs herein expended, including reasonable attorneys' fees; and

C. For all other relief to which they may appear entitled.

D. Plaintiff requests a trial by jury.

Respectfully Submitted,

**SCHACHTER, HENDY & JOHNSON, P.S.C.**

*/s/ Penny Unkraut Hendy*
Penny Unkraut Hendy, Esq.
phendy@pschachter.com
Ronald E. Johnson, Jr., Esq.
rjohnson@pschachter.com
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
(859) 578-4444 Telephone

***COUNSEL FOR PLAINTIFF***